CCC
F. #2009R01859

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JOHN RICHARD EBELING, JR.,
    also known as "J.R.,"
JASON BLAIR,
    also known as "Roadblock,"
EZRA ARTHUR DAVIS, III,
    also known as "Izzo,"
KENNETH VAN DIVER,
    also known as "Hogman,"
ROBERT HAMILTON,
    also known as "Boston Bob,"
TRACY LAHEY,
DOUGLAS YOUMANS,
    also known as "Doc,"
DEREK DEKKER,
    also known as "Pop Up,"
TIMOTHY FOWLER,
    also known as "Pita,"
RAYMOND HAMILTON,
    also known as "Bluto,"
EDWARD SAMBORSKI,
    also known as "Cuz,"
ROBERT DERONDE,
    also known as "Hellboy,"
ROBERT LEONARDIS,
    also known as "Boobie,"
JAMES POPELASKI,
    also known as "Pop Tart,"
THOMAS VAN DIVER,
    also known as "Trucker,"

        Defendants.

- - - - - - - - - - - - - - - - - X

**PROTECTIVE ORDER**

Cr. No. <u>10-696 (S-1)(JS)</u>

        WHEREAS, the above-listed defendants have sought certain discovery materials from the Government pursuant to

Federal Rule of Criminal Procedure 16 ("Rule 16"), which contain and/or reflect personal identification information allegedly used in the commission of the offenses charged as well as other personal identification information (including but not limited to names, social security numbers, dates of birth, account numbers and taxpayer identification numbers); and

WHEREAS, the Government desires to protect the confidential information contained in the materials it produces pursuant to Rule 16(d)(1) and Title 18, United States Code, Section 3771;

IT IS HEREBY ORDERED:

1. Discovery material produced by the Government in this action that contains and/or reflects personal identification information (including but not limited to names, social security numbers, dates of birth, account numbers and taxpayer identification numbers) may be designated as "Confidential Material" by labeling the material "UNITED STATES GOVERNMENT - CONFIDENTIAL MATERIAL."

2. Confidential Material disclosed to each defendant or to their respective counsel ("Counsel"), during the course of proceedings in this action:

    (a) Shall be used by the defendant or his Counsel only for purposes of this action;

    (b) Shall be kept in the sole possession of the

2

defendant's Counsel;

    (c) Shall not be reviewed or maintained by the defendant outside the presence of his Counsel;

    (d) Shall not be copied or otherwise recorded by the defendant;

    (e) Shall not be disclosed in any form by the defendant or his Counsel except as set forth in paragraph 2(f) below;

    (f) May be disclosed only by the defendant's Counsel and only to the following persons (hereinafter "Designated Persons"):

        (i) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's Counsel;

        (ii) independent expert witnesses, investigators or advisors retained by the defendant or on his behalf in connection with this action;

        (iii) such other persons as hereafter may be authorized by the Court upon such motion by the defendant; and

    (g) Shall be returned to the Government following the conclusion of this case together with any and all copies thereof, or shall be destroyed together with any and all copies

thereof and defendant's Counsel shall verify such destruction in writing.

3. No persons shall be provided, shown, or read the contents of any materials produced pursuant to the terms of this Order, or any copy thereof, unless and until they have been provided with a copy of this Order and certify under oath and in writing that they will comply with its terms. The defense shall maintain a record of all such persons and certifications.

4. The defense shall not attach any materials produced pursuant to the terms of this Order to any public filings with the Court or publicly disclose such materials, or their contents in any other manner, without prior notice to the Government. If the defense and the Government cannot agree on the manner in which the materials or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

5. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this

action or to any judge or magistrate of this Court for purposes of this action.

Dated: Central Islip, New York
January 31, 2011

SO ORDERED:

/s/ JOANNA SEYBERT
HONORABLE JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE